IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | |
|---|---|
| CHRIS HOLLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 07-583-JPG/CJP |
| vs. ) | |
| ) | |
| BOB DELANEY, Clerk of St. Clair County, ) | |
| Individually and Officially, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, CHRISTOPHER HOLLY, pro se and for his Complaint against the above Defendant, BOB DELANEY, states as follows:

**COUNT I**
**(ACCESS TO THE COURTS v. BOB DELANEY)**

1.  That this Count is brought for damages, equitable relief and injunctive relief to redress the deprivation of rights secured to Plaintiff by virtue of the 1st, 6th, and 14th Amendment of the United States Constitution.

2.  That this Count is brought under § 1983, and jurisdiction is invoked pursuant to 28 U.S.C. §1331.

3.  That venue is proper by virtue of such rules/statures governing such cause of action presented for review by this Court pursuant to 28 U.S.C. §1391(b).

4.  That at all times relevant herein, the Plaintiff, CHRIS HOLLY, was residing at 116 East Jackson, City of O'Fallon, County of St. Clair, Illinois. 62269.

5.  That at all times relevant herein, the Defendant, BOB DELANEY, was employed with the County of St. Clair, State of Illinois, with the official title of Clerk of the Court..

6.  That at all times relevant herein, and on or about July 1, 2007, Plaintiff filed his Articles of Incorporation for "Pro Se Paralegal Services, Inc.", with the Secretary of State.

7. That at all times relevant herein, and on or about July 2, 2007, the Secretary of the State issued Plaintiff the following Business Tax Number, that being 55596215.

8. That at all times relevant herein, and on or about July 2, 2007, the Internal Revenue, issued Plaintiff the following Federal Tax Id/FEIN , that being 26-0456995.

9. That all times relevant herein, and on or about July 3, 2007, Plaintiff opened a UMB Bank business checking account for Pro Se Paralegal Services, Inc.

10. That at all times relevant herein, and on or about July 7,2007, the Secretary of State, reported aforesaid corporation in "Good Standing".

11. That at all times relevant herein, and on or about July 19, 2007, CardServices, issued Plaintiff a merchant account number, to process credit card transactions.

12. That at all times relevant herein, and on or about July 20, 2007, the City of O'Fallon, issued Plaintiff a "home-based business" license, that being 07-656, to operate Pro Se Paralegal Services, Inc., from 116 East Jackson, O'Fallon, IL 62269.

13. That at all times relevant herein, and on or about August 2, 2007, Plaintiff finished developing his website for Pro Se Paralegal Services, Inc., that being www.prose2007.com.

14. That at all times relevant herein, and on or about July 31, 2007, Plaintiff made a personal visit to the Office of the Clerk of St. Clair County.

15. That at all times relevant, and on the above date in question, Plaintiff informed a Deputy Clerk, he had recently registered "Pro Se Paralegal Services, Inc.", with the Secretary of State for Illinois.

16. That at all times relevant, and on the above date in question, Plaintiff informed aforesaid Deputy Clerk, he would be filing various "*documents*" on behalf of "*Pro Se*" clients, via *"Power of Attorney".*

17. That at all times relevant, and on the above date in question, aforesaid Deputy Clerk, informed Plaintiff her Office *"**does not**"* accept "Power of Attorney's" on behalf of *"Pro Se"* litigants.

20. That at all times relevant, 755 ILCS 45/2-1, also known as the "Durable Powers Of Attorney Act", provides in relevant part

> "**Sec. 2-1. Purpose**.
> Purpose. The General Assembly recognizes that *each individual has the right to appoint an agent* to deal with property or *make personal* and health care *decisions* for the individual …"

21. That at all times relevant herein, 755 ILCS 45/3-4, subsection (j) provides in relevant part:

> "**Claims and litigation**: The agent is *authorized* to: institute, prosecute, defend, abandon, compromise, arbitrate, settle and dispose of any claim in favor of or against the principal or any property interests of the principal;……in general, exercise all powers with respect to *claims and litigation* which the principal could if present and under no disability."

22. That at all times relevant, and on the *"filing"* issue in question, the Defendant, BOB DELANEY, by and through his agents and employees, owed a duty to allow Plaintiff to file *"documents"* on behalf of *"Pro Se"* clients, in accordance with the provision set forth within the *"Durable Powers Of Attorney Act"*.

23. That, notwithstanding that duty, the Defendant, BOB DELANEY, by and through his agents and employees, was then and there guilty of the following acts and/or omissions:

    A)    Failure to comply with Illinois Statute(s) 755 ILCS 45/2-1;
            and 755 ILCS 45/3-4, subsection (j).

24. That as a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, BOB DELANEY, by and through his agents and employees, Plaintiff's constitutional rights have been substantially violated.

25. That as a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, BOB DELANEY, by and through his agents and employees, Plaintiff, CHRIS HOLLY, has suffered and will continually suffer the loss of potential clients; Plaintiff has suffered and will continually suffer the loss of potential income; Plaintiff has suffered and continually suffers denied access to the courts; Plaintiff has suffered irreparable harm; Plaintiff has suffered and continually will suffer extreme emotional distress.

WHEREFORE, the Plaintiff, CHRIS HOLLY, prays that a judgment be entered against the Defendant, BOB DELANEY, finding the acts and practices complained herein constitutes a violation of the 1st, 6th and 14th Amendment of the United States Constitution, thereby depriving Plaintiff of such constitutional rights; awarding Plaintiff monetary damages; awarding Plaintiff compensatory damages; awarding Plaintiff punitive damages; awarding Plaintiff injunctive relief; together with his reasonable costs and legal fee's in this action and granting Plaintiff such other and further relief this Court deems necessary and proper.

## ADDITIONAL LAW SUITS

Plaintiff has filed the following civil actions in the past 12 months; Holly v. Montes, et al, case number not assigned yet; Holly v. Williams, et al., 3:07-CV-3130; Holly v. Williams, et al., 3:07-CV-3196; Holly v. Walker, 07-MR-18; Holly v. Walker, et al., 07-MR-17; Holly v. Walker, et al., 06-CH-90; Holly v. AB & C Moving & Delivery, 06L 535; Holly v. Montes, 11839 (Ill. Sup. Court); Holly v. Monte; 07-MR-02; Holly v. Walker, 06-CH-90; Holly v. Durbin, 3:06-CV-3212; Holly v. Firkus, 06C 576; Holly v. Sims, et al., 06-MR-55; Holly v. Jane Doe, 06-3060.

Respectfully submitted,

*Chris Holly*
Chris Holly, CPL, CEO
Pro Se Plaintiff

Pro Se Paralegal Services, Inc.
Chris Holly, CPL, CEO
P.O. Box 1446
O'Fallon, IL 62269

Phone: (618) 624-8226
Fax: (618) 624-8402

## AFFIDAVIT

Under penalties as provided by section 1-109 of the Civil Code of Procedure(Illinois),and applicable Federal guide lines regarding perjury, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Chris Holly

Sworn to and subscribed before
me this 13th day of August 2007

_____
Notary

* OFFICIAL SEAL *
ROBERT A. GUITHUES JR
Notary Public, State of Illinois
My Commission Exp. 08/23/10

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**