UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRIS HOLLY,<br><br>      Plaintiff,<br><br>  v.<br><br>BOB DELANEY, Clerk of St. Clair County,<br>Individually and in his Official Capacity,<br><br>      Defendant. | Case No. 07-cv-583 -JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Chris Holly's Motion for Leave to Proceed in Forma Pauperis (Doc. 2). For the following reasons, the Court **DENIES** Holly's Motion.

### BACKGROUND

Plaintiff Chris Holly (Holly) is the owner and operator of Pro Se Paralegal Services, Inc. (PSPS), a corporation incorporated with the State of Illinois, which he runs from home via the internet. On or about July 31, 2007, Holly informed the Clerk of Court of St. Clair County that he would be filing various documents on behalf of PSPS clients via powers of attorney. At that time, the clerk informed Holly that the Clerk of Court of St. Clair County would not accept filings for PSPS clients via powers of attorney. Holly then initiated this §1983 action alleging that Defendant violated the 1st, 6th and 14th Amendments of the United States Constitution.

### ANALYSIS

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. §

1915(e)(2)(B)(i).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is not satisfied that Holly, the owner and operator of a business incorporated in the state of Illinois and currently in good standing, is unable to pay the filing fees to bring this action which he believes is necessary to protect his business.

Furthermore, the Court finds that Holly's case is frivolous because Holly is attempting to represent PSPS clients via powers of attorney, but it is well settled that a power of attorney does not authorize its recipient to practice law. *See Navin v. Park Ridge Sch. Dist.* 64, 270 F.3d 1147, 1149 (7th Cir.2001); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir.1986) (per curiam); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.1978); *United States v. Peterson*, 550 F.2d 379, 381-82 (7th Cir.1977).

For the forgoing reasons, Holly's motion ( Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: September 5, 2007**

>                     s/ J. Phil Gilbert
>                     **J. PHIL GILBERT**
>                     **DISTRICT JUDGE**