UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRIS HOLLY, <br><br> Plaintiff, <br><br> v. <br><br> BOB DELANEY, Clerk of St. Clair County, Individually and in his Official Capacity, <br><br> Defendant. | Case No. 07-cv-583-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff Chris Holly's Motion for Leave to Appeal *in Forma Pauperis* (Doc. 7). For the following reasons, the Court **DENIES** Holly's Motion.

### BACKGROUND

Plaintiff Chris Holly (Holly) is the owner and operator of Pro Se Paralegal Services, Inc. (PSPS), a corporation incorporated with the State of Illinois, which he runs from home via the internet. On or about July 31, 2007, Holly informed the Clerk of Court of St. Clair County that he would be filing various documents on behalf of PSPS clients via powers of attorney. At that time, the clerk informed Holly that the Clerk of Court of St. Clair County would not accept filings for PSPS clients via powers of attorney. Holly initiated this §1983 action alleging that Defendant violated the 1st, 6th and 14th Amendments of the United States Constitution.

On September 5, 2007, this Court denied Holly's motion to proceed *in forma pauperis*, finding that Holly had not satisfactorily shown indigence and that Holly's action was frivolous because Holly's claim is predicated on his having a right to engage in the unauthorized practice

of law. Holly filed an interlocutory appeal of that order and filed this Motion to Appeal *in Forma Pauperis* .

## ANALYSIS

The denial by a district court of a motion to proceed *in forma pauperis* is an appealable order. 28 U.S.C § 1291; *Roberts v. United States District Court*, 339 U.S. 844, 845 (1950). A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court finds that Holly's appeal is frivolous because Holly's claim is based on the premise that he has a legally protected right to represent others in court without a licence to practice law. However, Illinois law is clear:

> Any person practicing, charging or receiving fees for legal services within this state, either directly or indirectly, without being licensed to practice as herein required, is guilty of contempt of court and shall be punished accordingly, upon complaint being filed in any Circuit Court of this State....
> The provisions of this Act shall be in addition to other remedies permitted by law and shall not be construed to deprive courts of this State of their inherent right to punish for contempt or to restrain the unauthorized practice of law.

705 Ill. Comp. Stat.. 205/1-1 (1990)

The Seventh Circuit has determined that "[a]bsent the imprimatur of meaningful attorney supervision, any legal advice or other legal service provided by a nonlawyer constitutes the

2

unauthorized practice of law." *U.S. v. Johnson* 327 F.3d 554, 560 (7th Cir. 2003). Furthermore, it is well settled that a power of attorney does not authorize its recipient to practice law. *See Navin v. Park Ridge Sch. Dist.* 64, 270 F.3d 1147, 1149 (7th Cir.2001); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir.1986) (per curiam); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.1978); *United States v. Peterson*, 550 F.2d 379, 381-82 (7th Cir.1977).

Holly is attempting to represent PSPS clients before the courts of the state of Illinois without a licence to practice law based on the fact that he has powers of attorney from PSPS clients. His claims to relief are all predicated on the notion that he has a right to engage in such unauthorized practice of law. Therefore, the Court finds that Holly can make no reasonable argument on the merits of his claim. Accordingly, Holly's motion ( Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: October 3, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**